U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01405-PSF-MJW

CLARENCE VANDEHEY; AND
WILLIAM LANGLEY; AND
SAMUEL LINCOLN; AND
JARED HOGUE,

      Plaintiff(s),

v.

LOU VALLARIO, SHERIFF OF GARFIELD COUNTY,
COLORADO, IN HIS OFFICIAL CAPACITY; AND
SCOTT DAWSON, A COMMANDER IN THE GARFIELD
COUNT SHERIFF'S DEPARTMENT, IN HIS OFFICIAL
CAPACITY,

      Defendant(s).

---

## STIPULATION AND PROTECTIVE ORDER

---

      Plaintiffs and Defendants, through their counsel of record, have stipulated to the terms of this Protective order pursuant to Fed.R.Civ.P. 26(c). This Order is designed to preserve the confidentiality of certain documents and testimony in this case. By agreement of the Parties, and pursuant to the Court's authority under the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado, it is STIPULATED AND ORDERED that:

      In this action, the Parties will seek Confidential Information (as defined in paragraph 2 below) during discovery, including during the course of depositions. The Parties assert that disclosure of such confidential information outside the scope of this litigation could result in

significant harm to the public interest. The Parties have entered into this Stipulation and request that the Court enter this Protective Order for the purpose of preventing the disclosure and use of certain Confidential Information, as set forth herein.

"Confidential Information" means any document (as defined by Fed. R. Civ. P. 34(a) including electronically stored information as set forth in amended Rule 34(a)), file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom (collectively "Document") that is designated as "Confidential" by the Parties or their attorneys. The Parties agree that they will only designate as "Confidential" documents that may be treated as confidential under statute, regulation, or case law, and documents that disclosure thereof would cause substantial harm to the public interest. Documents and portions of documents that are subject to disclosure under the Colorado open records laws shall not be designated as "Confidential" or "Confidential – Attorneys Eyes/Expert Eyes Only. Documents designated in accordance with the provisions of paragraph 3 below will be deemed "Confidential Information" subject to this Protective Order. This Protective Order shall no longer apply to any Document upon intentional and consensual disclosure of such Document to the public, except for disclosures exclusively made pursuant to paragraph 4 of this protective order or any disclosure that must be treated as confidential under statute, regulation, or case law.

Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

2

a.     By imprinting the word "CONFIDENTIAL" on each page of any document produced, such that none of the text or other content of the Document is covered by such imprinting;

b.     By imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request, such that none of the text or other content of the discovery request is covered by such imprinting; and

c.     Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  The cover page, and those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript.  Any deposition exhibits designated confidential shall also be bound separately.

All Confidential Information shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the written consent, be disclosed in any way to anyone other that the following persons:

a.    This Court, including court personnel, court reporters, and persons operating video recording equipment at depositions in this action;

b.    Attorneys actively working on this case and persons regularly employed or associated with the attorneys actively working on this case, including law students and interns at the ACLU and volunteers working under the direct supervision of the attorneys, whose assistance is required by the attorneys in preparation for trial or at other proceedings in this case;

c.    Persons retained by the Parties or their attorneys to assist in the prosecution or defense of this action (including consultants or expert witnesses, and third-party vendors, and their employees, retained by the Parties or counsel who are involved in one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, storing, or retrieving data) but only to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

d.    Stenographic and/or video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

e.    Witnesses, deponents, or potential witnesses;

f.    The Parties (subject to the limitations set forth in paragraph 16), which, for purposes of this Order, includes officers, directors, and employees; and

g.    Any other persons by prior written agreement of the attorneys for the Parties.

Prior to a Party's counsel disclosing Confidential Information to persons described in subparagraphs 4(c), (d), (e), (f) or (g) above, the disclosing Party shall deliver a copy of this

Order to such person(s) and obtain the Confidentiality Agreement in the form attached as Exhibit A acknowledging that the person has read this Protective Order and agrees to be bound by its provisions, signed and dated by such persons. The provisions of this paragraph shall not apply to witnesses or potential witnesses who are also Parties or officers, directors, employees, or agents of Parties.

Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either orally or in writing, to any other person, entity or government agency unless authorized to do so by this Protective Order or other court order.

This Protective Order shall not prohibit or restrain any Party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the Parties whether currently pending or contemplated in the future.

No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the

provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Information by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

The Party's counsel who discloses Confidential Information shall take all steps reasonable and appropriate to assure compliance with the terms of this Protective Order with respect to persons described in subparagraph 4(c) through (g) to whom such Confidential Information is disclosed, and shall obtain and retain the original Confidentiality Agreements signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

Counsel to the Parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Information confidential in the strictest possible fashion.   Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

During the pendency of this action, opposing counsel may, upon court order or agreement of the Parties, inspect the list maintained by counsel pursuant to paragraph 9 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source

6

of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then opposing counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes or for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom except copies provided to experts.

A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within ten (10) days of receipt of the written notice objecting to the designation, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. The fact that information may come within the definition of Confidential Information set forth in paragraph 2 above shall not preclude the Court from determining that the information shall not be made subject to this Protective Order. In connection with a motion filed under this

provision, the Party designating the information as confidential shall bear the burden of establishing that the documents contain "Confidential Information" as defined in paragraph 2 above.

In the event it is necessary for the Parties to file Confidential Information with the Court, the Confidential Information shall be filed in accordance with the requirements of all local rules including D.C.COLO.LCivR 7.2 and 7.3 including the required showing of "compelling reasons" for filing under seal, in a sealed envelope with a cover page affixed to the outside which will include the following information:

(a)   the case caption;

(b)   the title of the paper or document;

(c)   the name, address, and telephone number of the attorney filing the document;

(d)   a notation that the document is filed under seal;

(e)   the title and date of this Court Order; and

(f)   the following language

**CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER**

**THIS DOCUMENT IS FILED UNDER SEAL.   UNLESS OTHERWISE ORDERED BY THE COURT, IT SHALL NOT BE REPRODUCED FOR, NOR SHOWN TO, PERSONS OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOCUMENTS.**

Any pleadings or briefs filed by the Parties that either quote or discuss the contents of information designed as Confidential Information shall also be filed in sealed form.

In addition to the Confidential Information described herein, certain Documents (as defined in paragraph 2) produced by Defendants contain sensitive security information that may not be divulged to any past, present, or future inmate of the Garfield County Jail, including the Plaintiffs herein, whether a named Plaintiff or as a member of any putative Plaintiff class. Such documents shall be stamped "CONFIDENTIAL - ATTORNEYS EYES/EXPERTS EYES ONLY" and the Parties agree that counsel for Plaintiffs will not disclose such Documents or their contents to Plaintiffs or any other person except those persons identified in paragraphs 4(a), (b), (c), and (d) without prior written consent of Defendants or order of the Court. If disclosure to persons other than Plaintiffs' counsel and persons identified in paragraphs 4(a), (b), (c), and (d) is sought, and written permission obtained from Defendants, the person to whom the information is disclosed shall execute Exhibit B hereto agreeing not to disclose the information to any Plaintiff or any other person and to be bound by the terms of this provision as. Filing of all, any, portions, or information contained in such documents shall be in accordance with the under seal provisions set forth above. The provisions of paragraph 14 regarding objections to the designation of particular Confidential Information shall apply equally here with respect to objections to the designation of documents as "Confidential – Attorneys Eyes/Experts Eyes Only."

Closure of trial proceedings and sealing of the record of trial involves considerations not presently before the Court. Those issues may be taken up as a separate matter upon the motion of any of the Parties prior to trial.

The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order. All documents designated as Confidential shall be maintained as Confidential during the three year period following the conclusion of the case. This Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Nothing in this Protective Order shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Upon termination of this litigation, including any appeals, and unless other arrangements are agreed upon, each Party's counsel shall immediately either return to the producing Party or ensure the destruction of all Confidential Information provided subject to this Protective Order, including all copies thereof. If the Confidential Information is destroyed, the Party's counsel shall provide the producing Party with a certificate identifying the Confidential Information so destroyed, without disclosing its contents.

Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

DATED this _13th_ day of October, 2006.

BY THE COURT:

_Michael J. Watanabe_

Michael J. Watanabe
United States Magistrate Judge

Dated this 13th day of October:

_Kim A. B_

Josh A. Marks, Esq.
Kim A. Tomey, Esq.
Berg Hill Greenleaf & Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
Phone: (303) 402-1600
Fax: (303) 402-1601
jam@bhgrlaw.com
kim@bhgrlaw.com

Don DeFord
Deborah Quinn
Garfield County Attorney's Office
108 8th Street, Suite 219
Glenwood Springs, CO 81601-3355
Phone: (970) 945-9150
Fax: (970) 384-5005
ddeford@garfield-county.com
dquinn@garfield-county.com

_Attorneys for Defendants_

_D. Phillips_

John D. Phillips
Michael D. Murphy
Shugart Thomson & Kilroy
1050 17th Street, Suite 2300
Denver, CO 8-265
Phone: (303) 572-9300
Fax: (303) 572-7883
jphillips@stklaw.com
mmurphy@stklaw.com

Mark Silverstein
Taylor S. Pendergrass
ACLU Foundation of Colorado
400 Corona Street
Denver, CO 80218
Phone: (303) 777-5482
Fax: (303) 777-1773
msilver2@att.net
tpendergrass@aclu-co.org

_Attorneys for Plaintiffs_

11