FILED
United States Court of Appeals
Tenth Circuit

**February 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

---

|  |  |
|---|---|
| LOU VALLARIO, Sheriff of Garfield County, Colorado, in his official capacity; SCOTT DAWSON, a Commander in the Garfield County Sheriff's Department, in his official capacity, | |
| Petitioners, | |
| v. | No. 08-502 |
| CLARENCE VANDEHEY; WILLIAM LANGLEY; SAMUEL LINCOLN; JARED HOGUE, on behalf of themselves and all others similarly situated, | |
| Respondents. | |

---

**PETITION FOR PERMISSION TO APPEAL A CLASS
CERTIFICATION ORDER OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
(D.C. No. 06-1405)**

---

Josh A. Marks (Melanie B. Lewis and Kim A. Tomey with him on the briefs), Berg Hill Greenleaf & Ruscitti LLP, Boulder, Colorado, for Petitioners.

Mark Silverstein (Taylor S. Pendergrass, American Civil Liberties Union Foundation of Colorado, J. Gregory Whitehair, Taggart Hansen, and Marisa B. Hudson-Arney, Gibson Dunn & Crutcher LLP, with him on the briefs), American Civil Liberties Union of Colorado, Denver, Colorado, for Respondents.

---

Before **KELLY**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

_____

The Eighth Amendment, as incorporated against the states through the Fourteenth Amendment, precludes state prison officials from "knowingly and unreasonably disregarding an objectively intolerable risk of harm" to inmate health or safety.  See Farmer v. Brennan, 511 U.S. 825, 846 (1994).  Respondents, four prior inmates, contend they were exposed to, among other things, such an unconstitutional risk of harm at the Garfield County Jail.[1]  Accordingly, Respondents brought an official capacity suit for equitable relief against Petitioners Lou Vallario, the Sheriff of Garfield County, and Scott Dawson, the commander charged with administering jail operations.

Respondents recite a number of jail customs and policies, or the lack thereof, that contribute to the alleged violation of inmates' constitutional rights.  Only five are relevant to this appeal.  First, Respondents challenge the authorized use of compliance devices; including (1) restraint chairs, (2) pepperball guns, (3) tasers, and (4) pepper spray; in a manner that allegedly poses an unjustifiable risk of serious harm to inmates.  Second, Respondents contest a jail policy requiring inmates to wear an electroshock belt to court.[2]  Third, Respondents claim deputies' authorized

_____

[1] Respondents also raise several claims under Colorado law, which we do not discuss here.

[2] Respondents contend that the use of the belt (1) unduly terrorizes inmates, thus inflicting unconstitutional punishment, (2) that a lack of deputy training in

(continued...)

2

use of restraint chairs contravenes inmates' "liberty interest in freedom from bodily restraint without due process of law" and places inmates at an unjustifiable risk of serious harm.  Fourth, Respondents allege Petitioners' policies unconstitutionally deny indigent inmates access to psychiatric care.  Fifth, Respondents contend Petitioners routinely place inmates on supermax status without due process of law. To remedy these inequities, Respondents requested the district court provide them with such "declaratory and injunctive relief . . . as the Court deems just."

Faced with the prospective mooting of their claims by their imminent release, see Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997), Respondents requested the district court certify their case as a class action.  See Fed. R. Civ. P. 23.  The district court obliged as to all of the foregoing claims, certifying a class composed of "[a]ll persons who, now or at any time in the future, are or will be prisoners in the custody of the Garfield County Sheriff's Department."  Petitioners now seek our permission to file an interlocutory appeal of the district court's class certification ruling.  We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f).  After careful consideration, we grant the petition for review and remand for further proceedings not inconsistent with this opinion.

---

[2](...continued)
regard to the belt puts inmates at an unjustifiable risk of serious harm, and (3) that requiring inmates to wear the belt violates inmates' liberty interest "in being free of . . . restraint and terror."

I.

Federal Rule of Civil Procedure 23(f) provides that a "court of appeals may permit an appeal from an order granting or denying class-action certification . . . if a petition for permission to appeal is filed with the circuit clerk within 10 days after the order is entered."  Our circuit has not yet addressed the standard it will use in determining whether to grant such a petition.  Accordingly, we proceed to consider this question as a matter of first impression.

Some historical context is in order.  No appeal as of right exists from a district court's class certification order unless that order dismisses the action or renders a decision on the merits.  See 7B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1802 (3d ed. 2005) (Federal Practice and Procedure); see also 5 James William Moore et al., Moore's Federal Practice § 23.88[1] (3d ed. 2008) (noting that a district court's "certification decision is not immediately appealable as a matter of right").  Despite courts' best efforts to discover more immediate avenues for appellate review of class certification decisions, see 7B Federal Practice and Procedure § 1802, the traditional rule that a party must raise all claimed errors "in a single appeal following" a "final judgment on the merits" generally prevailed.  Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981); 7B Federal Practice and Procedure § 1802 (noting that prior to 1998 "an appeal of a class-certification determination typically was available only from a determination that disposed of the action").

In 1998, the Supreme Court significantly altered the legal landscape by adopting Federal Rule of Civil Procedure 23(f), which grants appellate courts the discretionary power to permit interlocutory appeals of class certification orders. <u>See</u> Fed. R. App. P. 5 (laying out the procedural requirements for such permissive appeals). In so doing, the Court opened up the restrictive review practices that historically applied to class certification decisions. <u>See</u> <u>Lienhart v. Dryvit Sys., Inc.</u>, 255 F.3d 138, 145 (4th Cir. 2001). Appellate courts' discretion, under Rule 23(f), is "unfettered" and "akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari."[3] Fed. R. Civ. P. 23(f) advisory committee's note. Courts of appeals may, therefore, grant or deny permission to appeal a class certification order based on "any consideration" they "find[] persuasive." <u>Id.</u>

That said, courts of appeals have remained ever mindful that interlocutory appeals are traditionally disfavored and for good reason. <u>See, e.g.</u>, <u>Carpenter v. Boeing Co.</u>, 456 F.3d 1183, 1189 (10th Cir. 2006); <u>Chamberlan v. Ford Motor Co.</u>, 402 F.3d 952, 959 (9th Cir. 2005); <u>In re Lorazepam & Clorazepate Antitrust Litig.</u>, 289 F.3d 98, 105 (D.C. Cir. 2002). Such appeals are necessarily "disruptive, time-consuming, and expensive" for the parties and the courts. <u>Waste Mgmt.</u>

---

[3] As part of the general restyling of the civil rules in 2007, the rules committee deleted Rule 23(f)'s explicit reference to the court of appeals' discretion in determining whether to grant a petition for interlocutory review. <u>See</u> Fed. R. Civ. P. 23 2007 Amendment advisory committee note. The committee notes make clear, however, that this "omission does not in any way limit the unfettered discretion established by the original rule." <u>Id.</u>

Holdings, Inc. v. Mowbray, 208 F.3d 288, 294 (1st Cir. 2000); see also In re Lorazepam, 289 F.3d at 105. In the class action context, interlocutory appeals may also serve, quite wrongfully, to discourage district courts from reconsidering their class certification orders under Federal Rule of Civil Procedure 23(c)(1)(C). See Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1273 (11th Cir. 2000); see also id. (recognizing that class certification determinations are "fluid and fact-sensitive").

As a result, we join our sister circuits in recognizing that the grant of a petition for interlocutory review constitutes "the exception rather than the rule." Chamberlan, 402 F.3d at 959; see also Prado-Steiman, 221 F.3d at 1273; Mowbray, 208 F.3d at 294. We will exercise "restraint" in accepting Rule 23(f) petitions and will not accept such petitions "as a matter of course." Prado-Steiman, 221 F.3d at 1277; see also In re Lorazepam, 289 F.3d at 105 (noting that "it is understood, if not presumed, that appellate courts will act with cognizance" of the concerns associated with interlocutory appeals). Parties are still generally required to raise all claims of error, in a single proceeding, after the district court renders a final judgment. See Chamberlan, 402 F.3d at 959; In re Lorazepam, 289 F.3d at 104-05. This rule recognizes "the limited capacity of appellate courts to consider interlocutory appeals, as well as the institutional advantage possessed by district courts in managing the course" of class litigation. Lienhart, 255 F.3d at 145.

Certain instances exist, however, in which interlocutory review of a district court's class certification decision is appropriate. See Carpenter, 456 F.3d at 1189

(noting that sometimes "countervailing considerations predominate").  Indeed, the Supreme Court enacted Rule 23(f) specifically to permit such appeals, pursuant to an "express grant of authority by Congress to create appellate jurisdiction over non-final judgments." <u>Lienhart</u>, 255 F.3d at 145; <u>see also</u> 28 U.S.C. § 1292(e).  True to the broad grant of authority Rule 23(f) provides the courts of appeals in this matter, no rigid test should govern the exercise of our discretion to grant a petition for interlocutory review.  <u>See</u> <u>Chamberlan</u>, 402 F.3d at 960; <u>Newton v. Merill Lynch, Pierce, Fenner & Smith, Inc.</u>, 259 F.3d 154, 165 (3d Cir. 2001); <u>Prado-Steiman</u>, 221 F.3d at 1276.  We, therefore, simply set forth a set of principles that may prove useful in evaluating the merits of a Rule 23(f) petition.[4]

Interlocutory review of a district court's class certification order is generally appropriate in three types of cases.  The first such category is comprised of "death knell cases," which refers to situations in which a questionable class certification order is likely to force either a plaintiff or a defendant to resolve the case based on considerations independent of the merits.  <u>See</u> <u>Chamberlan</u>, 402 F.3d at 959; <u>In re Lorazepam</u>, 289 F.3d at 105; <u>see also</u> Fed. R. Civ. P. 23(f) advisory committee's note.  For example, where the high costs of litigation grossly exceed an individual plaintiff's potential damages, the denial of class certification sounds the death knell of that plaintiff's claims.  <u>See</u> <u>Blair v. Equifax Check Servs., Inc.</u>, 181 F.3d 832, 834

---

[4] Our approach to Rule 23(f) relates most closely to those articulated by the D.C. Circuit in <u>In re Lorazepam</u> and the Ninth Circuit in <u>Chamberlan</u>.

(7th Cir. 1999).  In the same vein, if class certification is granted, a defendant's potential liability may be so enormous that settlement "becomes the only prudent course."  <u>Carpenter</u>, 456 F.3d at 1189.

An interest in facilitating the development of the law may also justify granting a petition for interlocutory review.  <u>See</u> <u>Blair</u>, 181 F.3d at 835; <u>see also</u> Fed. R. Civ. P. 23(f) advisory committee's note.  But this second category of cases is narrow.  <u>See</u> Fed. R. Civ. P. 23(f) advisory committee's note (recognizing that "many suits with class-action allegations present familiar and almost routine issues that are no more worthy of immediate appeal than many other interlocutory rulings").  To come within its bounds, a certification decision must involve an unresolved issue of law relating to class actions that is likely to evade end-of-case review, and this issue must be significant to the case at hand, as well as to class action cases generally.  <u>See</u> <u>Chamberlan</u>, 402 F.3d at 959; <u>In re Lorazepam</u>, 289 F.3d at 105.  Because  law may develop through affirmances as well as reversals, the merits of the district court's certification ruling has not factored into our consideration of this type of interlocutory appeal.  <u>See</u> <u>Blair</u>, 181 F.3d at 835.

Immediate review of a district court's class certification ruling may also be fitting when that decision is manifestly erroneous.  <u>See</u> <u>Chamberlan</u>, 402 F.3d at 959; <u>In re Lorazepam</u>, 289 F.3d at 105.  Not every error will meet this threshold.  <u>See</u> <u>Chamberlan</u>, 402 F.3d at 959.  To be clear, we will not use this third category of cases as a vehicle to micromanage class actions as they evolve in the district court.

8

See Prado-Steiman, 221 F.3d at 1273.  But where the deficiencies of a certification order are both significant and readily ascertainable, taking into account the district court's discretion in matters of class certification, interlocutory review is appropriate to save the parties from a long and costly trial that is potentially for naught.  See Chamberlan, 402 F.3d at 959-60; Prado-Steiman, 221 F.3d at 1274-75.  In most instances, a manifest error will be one of law, rather than an incorrect application of the law to a given set of facts.  See Chamberlan, 402 F.3d at 959.

Although cases ripe for consideration under Rule 23(f) will normally fall into one of these three categories, see In re Lorazepam, 289 F.3d at 105-06, we emphasize that our discretion in granting or denying a petition for interlocutory review is broad, and necessarily so.  See Newton, 259 F.3d at 165; Mowbray, 208 F.3d at 294.  The limits of human foresight simply preclude the formulation of a rule that would clearly delineate every instance in which our interlocutory review of a class certification order is appropriate.  See In re Lorazepam, 289 F.3d at 106; Newton, 259 F.3d at 165.  Appellate courts must simply exercise their "best judgment in making these decisions."  Newton, 259 F.3d at 165; see also Blair, 181 F.3d at 834 (noting that it would be a mistake to draw up a "list" to determine how appellate courts' power under Rule 23(f) should be exercised).  As such, special circumstances may lead us to deny a Rule 23(f) petition in a case that seems to fit into one of the three categories we have described.  See In re Lorazepam, 289 F.3d at 103. Conversely, unique circumstances may lead us to grant a Rule 23(f) petition in a case

9

that falls outside of these bounds.  See Chamberlan, 402 F.3d at 960.

II.

We review the standard the district court used in making its Rule 23 determination de novo and the merits of that determination for an abuse of discretion.  See Shook v. El Paso County, 386 F.3d 963, 967 (10th Cir. 2004) (Shook I).  Because class certification decisions are necessarily case specific, see Trevizo v. Adams, 455 F.3d 1155, 1163 (10th Cir. 2006), district courts possess significant latitude in deciding whether or not to certify a class.  See Shook v. Bd. of County Comm'rs, 543 F.3d 597, 603 (10th Cir. 2008) (Shook II).  As long as the district court applies the proper Rule 23 standard, we will defer to its class certification ruling provided that decision falls within the bounds of rationally available choices given the facts and law involved in the matter at hand.  See id.

The abuse of discretion standard, while forgiving, is not without teeth.  See In re New Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d 6, 17 (1st Cir. 2008).  As the Supreme Court has recognized, some boundaries exist.  See Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981) (noting that the district court's discretion in certifying a class is "bounded by the relevant provisions of the Federal Rules"); see also In re Initial Public Offering Sec. Litig., 471 F.3d 24, 40 (2d Cir. 2006).  A district court abuses its discretion when it bases a decision on either a clearly erroneous finding of fact or an erroneous conclusion of law, or when its ruling manifests a clear error of judgment.  See Kilgore v. Attorney Gen. of Co., 519 F.3d

1084, 1086 (10th Cir. 2008). In this case, the district court committed three such errors, which are both substantial and manifestly erroneous. This matter thus falls within the third category of cases in which interlocutory review is generally appropriate. As Petitioners requested leave to appeal within the ten-day period prescribed by Rule 23(f), we grant the petition for review and proceed to address each error in turn. See Carpenter, 456 F.3d at 1190 (acknowledging that we treat Rule 23(f)'s timeliness requirement as jurisdictional and apply Rule 6(a) to calculate this ten-day period).

## A.

The district court misconstrued Respondents' allegations in regard to inadequate psychiatric care in determining to certify this claim for the class. Respondents' First Amended Class Action Complaint raises the unconstitutionality of the restrictions Petitioners allegedly placed on the ability of *indigent* inmates to receive mental healthcare.[5] Nonetheless, the district court rested its Rule 23 analysis

---

[5] See, e.g., First Amended Class Action Complaint at 34 ("As a matter of policy, . . . Defendants restrict the ability of indigent prisoners to receive mental health care."); id. at 51 ("Pursuant to the practice and policy of the Defendants, indigent prisoners with serious mental health needs are regularly denied their right to appropriate mental health care delivered by qualified mental health professionals."); id. at 82 (stating that the Constitution requires Petitioners to "provide appropriate care and treatment for prisoners with serious mental health needs, even when the prisoners have no money"); see also id. at 52 (noting that the jail has a contract with Colorado West Regional Mental Health Center "to provide mental health services to prisoners at the jail"); id. (explaining that "an indigent prisoner cannot obtain care from any mental health professionals at Colorado West
(continued...)

of this claim on its understanding that "there is no mental health treatment available to *any* of the inmates" in the Garfield County Jail.  See Order on Amended Motion to Certify Plaintiff Class and Objection to Magistrate Judge's Recommendation (Class Certification Order) at 33.

Our precedent is clear that at the class certification stage a district court must generally accept the substantive, non-conclusory allegations of the complaint as true. See Shook I, 386 F.3d at 968; J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999).  Moreover, we have required district courts, in making a class certification ruling, to conduct a "rigorous analysis" of Rule 23's requirements. Trevizo, 455 F.3d at 1163; J.B., 186 F.3d at 1287.  The district court cannot conduct this searching inquiry with a clearly erroneous view of the alleged facts.  See In re Initial Public Offering, 471 F.3d at 38 (recognizing that the district court has an "obligation" to make a "determination that the requirements of Rule 23 are met").  As such, the district court abused its discretion.  See Newton, 259 F.3d at 165 (noting that a district court abuses its discretion by resting its decision on "a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact").

B.

On a broader scale, the district court applied an erroneous view of our

---

[5](...continued)
unless" the jail's medical staff "determines that it is necessary").

12

precedents governing the proper standard for class certification analysis under Rule 23. Specifically, the district court viewed the scope of its Rule 23 inquiry as unduly limited by our disposition of <u>Shook I</u>. In <u>Shook I</u>, a factually similar case, we concluded the district court improperly denied class certification based on an inquiry into the merits of the movant's claims. <u>See</u> 386 F.3d at 972 (stating that the "district court erred" by "focus[ing] on whether the court could ultimately fashion a remedy" under the Prison Litigation Reform Act, rather than "specifically addressing the traditional Rule 23 factors in denying class certification"). We subsequently clarified the import of this decision in <u>Shook II</u>, which issued after the district court filed its certification order in this matter. <u>See</u> <u>Williams v. W.D. Sports, N.M., Inc.</u>, 497 F.3d 1079, 1086 n.5 (recognizing that an "appellate court must apply the law in effect at the time it renders its decision"). <u>Shook II</u> affirmed the district court's denial of class certification because the court's reconsidered ruling comported with the requirements of Rule 23. <u>See</u> 583 F.3d at 613-14.

In this case, the district court discussed, in some detail, a portion of the Rule 23(b)(2) analysis Judge Matsch conducted on remand after our disposition of <u>Shook I</u>. <u>See</u> Class Certification Order at 37-38. Because the district court found that Judge Matsch's reasoning "impermissibly considered the merits of the plaintiffs' claims," it declined to address similar concerns raised by Petitioners here. <u>See</u> <u>id.</u> at 38 n.18. Our decision in <u>Shook II</u>, however, specifically affirmed Judge Matsch's ruling on the basis of his cogent Rule 23(b)(2) analysis. <u>See</u> 543 F.3d at 611 ("The

13

only question we pass on today is the narrow question whether the relationship between the class proposed and the relief sought in this suit satisfies Rule 23(b)(2).").

The district court's error in <u>Shook I</u> was fundamental in that the court completely ignored the requirements of Rule 23. <u>See id.</u> at 601 (noting that the "district court denied class certification without providing any analysis of the factors relevant to class certification set forth in Fed. R. Civ. P. 23"). Instead, the district court's decision focused solely on the merits of the movant's claims. <u>See Shook I</u>, 386 F.3d at 969 n.2. Given the Supreme Court's instruction that compliance with the requirements of Rule 23 "remains . . . indispensable," our reversal in that case is unsurprising. <u>See Gen. Tel. Co. of Sw. v. Falcon</u>, 457 U.S. 147, 160 (1982). The Supreme Court has also recognized, however, that no "impermeable wall" exists between the merits of a case and a district court's decision whether to certify a class. <u>See Shook II</u>, 543 F.3d at 612; <u>see also Gen. Tel. Co.</u>, 457 U.S. at 160 (stating that class certification determinations "generally involve[] considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action"); <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 469 n.12 (1978) ("Evaluation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims." (quoting 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3911 (1976))).

The district court in this case correctly noted that the merits of a movant's

claims may not serve as the focal point of its class certification analysis. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974). But this does not mean that a district court is categorically prohibited from considering any factor, in conjunction with its Rule 23 analysis, that touches upon the merits of a movant's claims. See Initial Public Offering, 471 F.3d at 41 (noting that appellate courts have generally required district courts to engage in a "definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues"). To the contrary, we have specifically acknowledged that the "merits" of the claims at bar may be "intertwined with" the "proper consideration of other issues germane to whether the case should be certified as a class action." Shook I, 386 F.3d at 974 (quoting Adamson v. Bowen, 855 F.2d 668, 677 n.12 (10th Cir. 1988)).

Put simply, before a district court certifies a class it must ensure that the requirements of Rule 23 are met. See In re Initial Public Offering, 471 F.3d at 41. District courts ensure Rule 23's provisions are satisfied by conducting a "rigorous analysis," Shook I, 386 F.3d at 968, addressing the rule's requirements "through findings," regardless of whether these findings necessarily "overlap with issues on the merits." Shook II, 543 F.3d at 612 (quoting Gariety v. Grant Thornton, LLP, 368 F.3d 356, 366 (4th Cir. 2004)); see also Oscar Private Equity Invs. v. Allegiance Telecom, Inc., 487 F.3d 261, 268 (5th Cir. 2007). We, of course, adhere to the principle that class certification does not depend on the merits of a suit. See Shook I, 386 F.3d at 971; see also In re Initial Public Offering, 471 F.3d at 41 (explaining

that "a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement"). But we will not allow this principle to be "talismanically invoked to artificially limit" a district court's "reasoned determination" of whether Rule 23's requirements have been met. In re Initial Public Offering, 471 F.3d at 38 (quoting Love v. Turlington, 733 F.2d 1562, 1564 (11th Cir. 1984)). As we acknowledged in Shook II, "a district court "may not evaluate the *strength* of a cause of action at the class certification stage," but it must determine, "without passing judgment on whether plaintiffs will prevail on the merits," whether a plaintiff has satisfied the provisions of Rule 23. 543 F.3d at 612.

Here, the district court was unable to profit from the additional guidance we offered in Shook II. Consequently, the district court – through little fault of its own – based its class certification ruling on an unduly constrained view of the inquiry authorized by Rule 23. Because this misconception precluded the district court from conducting the rigorous analysis our precedents require, we conclude the district court abused its discretion. See Henning v. Union Pacific R.R. Co., 530 F.3d 1206, 1217 (10th Cir. 2008) (recognizing that a "district court abuses its discretion when it bases its ruling on an erroneous view of the law").

## C.

The district court also erred in failing to hold Respondents to their burden under Rule 23(b)(2). See Shook I, 386 F.3d at 968 (recognizing that "the party seeking to certify a class bears the burden of proving that all the requirements of

Rule 23 are met"). Once a district court concludes the requirements of Rule 23(a) are satisfied, the court may certify a class if it finds the movant has also satisfied the conditions of either Rule 23(b)(1), (2), or (3). <u>See</u> <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 614 (1997). In this case, Respondents requested certification under Rule 23(b)(2). Rule 23(b)(2) requires the movant to show that the party opposing class certification "acted or refused to act" on grounds generally applicable to the class, such that final injunctive or declaratory relief is appropriate as to "the class as a whole." <u>See</u> <u>Shook II</u>, 543 F.3d at 604.

Ensuring the provisions of Rule 23(b)(2) are met requires the district court take a close look at the "relationship between" a proposed class, "its injuries, and the relief sought." <u>Id.</u> Ultimately, if equitable relief is not uniformly applicable to the class, and thus time-consuming inquiry into individual circumstances or characteristics is required, little is gained from the case proceeding as a class action. <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>Gen. Tel. Co.</u>, 457 U.S. at 155 (explaining that the purpose of class actions is to "save[] the resources of both the courts and the parties"). For the district court to make this case-specific inquiry, a motion for class certification must describe the equitable relief sought in sufficient detail that the district court can conceive of an injunction that comports with the requirements of Rules 23(b)(2) and 65(d). <u>See</u> <u>Shook II</u>, 543 F.3d at 605-06; <u>see</u> <u>also</u> <u>id.</u> at 605 n.4 (noting that "the degree of specificity with which plaintiffs must describe the injunctive relief requested becomes more exacting as the litigation progresses").

Under Rule 23(b)(2), the injuries sustained by the class must be "sufficiently similar that they can be addressed" in a "single injunction that need not differentiate between class members." Id. at 604. We noted in Shook II that a "class consisting of all present and future inmates," as Respondents request here, "introduces considerable "variation into the class with respect to the relief sought," raising "questions about whether injunctive relief is justified for the class as a whole." Id. at 606 n.5. Moreover, Rule 65(d) mandates that every injunction order "state its terms specifically" and "describe in reasonable detail" the "act or acts restrained or required." Movants may not make an end-run around this rule by requesting an injunction that operates at some "stratospheric level of abstraction." Shook II, 543 F.3d at 604. Injunctions simply requiring a defendant "to obey the law" are generally "too vague" to satisfy Rule 65(d). Monreal v. Potter, 367 F.3d 1224, 1236 (10th Cir. 2004) (citing Keyes v. Sch. Dist. No. 1, 895 F.2d 659, 668 (10th Cir. 1990)); see also Shook II, 543 F.3d at 604.

Respondents here seek to enjoin a "wide range of behavior" against the "broad class framed in the complaint." Id. at 607. At the same time, they "eschew[] any effort to give content" to the equitable relief they request. Id. at 605. Indeed, Respondents' class certification motion merely relies on the plea in their complaint for such "declaratory and injunctive relief . . . as the Court deems just."[6] See Class

---

[6]    Respondents argue they need not give content to the equitable relief they
(continued...)

18

Certification Order at 6 ("[N]either the declaration sought, nor the contours of the requested injunctive relief, are set forth in the Amended Complaint."). Respondents cannot demonstrate, without more, that "injunctive relief – relative to the class – is conceivable and manageable without embroiling" the district court "in disputes over individualized situations and constantly shifting class contours." <u>Shook II</u>, 543 F.3d at 608; <u>see</u> <u>also</u> <u>id.</u> at 606 (recognizing that seeking certification of "a single broad class . . . without explaining how injunctive relief could deal with many variations within the class" invites "concerns about the appropriateness of class-wide relief"). In failing to require Respondents to carry their burden of showing such relief is plausible, the district court abused its discretion.[7]  <u>See</u> <u>Elephant Butte Irr. Dist. v.</u>

---

[6](...continued)
request, citing <u>Califano v. Yamasaki</u>, 442 U.S. 682, 702 (1979), which states that "the scope of injunctive relief is dictated by the extent of the violation established." But this statement does not stand for the broad proposition Respondents suggest. In <u>Califano</u>, the Court merely explained that, provided "a class action is otherwise proper," the fact that a resulting injunction is nationwide in scope does not automatically establish a violation of the principle that equitable relief should "be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." 442 U.S. at 702. In the instant case, unlike in <u>Califano</u>, questions remain as to the propriety of class certification and the geographic scope of any resulting injunctive relief is not at issue. Thus, the statement on which Respondents so heavily rely is clearly inapposite.

[7]  This error is striking in light of Petitioners' repeated assertion that the district court lacked the capacity to provide Respondents with their requested relief. Although the Prison Litigation Reform Act does not inform class certification analysis under Rule 23, <u>see</u> <u>Shook I</u>, 386 F.3d at 971, "Rule 23's requirements must be interpreted in keeping with Article III constraints." <u>Amchem Prods.</u>, 521 U.S. at 613; <u>see</u> <u>also</u> <u>Prado-Steiman</u>, 221 F.3d at 1280 (noting that any "analysis of class certification must begin with the issue of standing"). Redressability remains an
(continued...)

U.S. Dep't of Interior, 538 F.3d 1299, 1301 (10th Cir. 2008) (noting that a "district court abuses its discretion where it commits a legal error").

### III.

We offer a few additional comments to guide the district court on remand. Respondents' pleadings are, in many instances, plagued by generalities.  For instance, Respondents rely heavily on the fact that Rule 23(b)(2) was intended to facilitate civil rights cases to justify class certification here.  See Plaintiffs' Amended Motion to Certify Class at 13-14.  No doubt exists that Rule 23(b)(2) was intended, in large part, "to enable civil rights class actions," Shook II, 543 F.3d at 610, and that district courts have certified classes of prisoners "broadly challenging" the conditions of their confinement.  Shook I, 386 F.3d at 970.  But the simple fact that Respondents bring such a suit does not establish that they have satisfied the provisions of Rule 23.  See Shook II, 543 F.3d at 610; see also E. Tex. Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 405 (1977).

---

[7](...continued)
integral part of constitutional standing. See Habecker v. Town of Estes Park, 518 F.3d 1217, 1224 (10th Cir. 2008).  Thus, plaintiffs are always required to demonstrate that their alleged injuries are "apt to be redressed by a remedy the court is prepared to give." Latino Officers Ass'n v. Safir, 170 F.3d 167, 170 (2d Cir. 1999); see also Bd. of County Comm'rs v. Geringer, 297 F.3d 1108, 1112 (10th Cir. 2002) ("[C]onstitutional standing requires a court to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts.").  The district court could have addressed some of Petitioners' remedial concerns on this basis. See Gail v. United States, 58 F.3d 580, 583 (10th Cir. 1995) (acknowledging that notice pleading, under the rules of civil procedure, emphasizes function over form).

In every case, the district court must conduct a "careful certification inquiry," Unger v. Amedisys Inc., 401 F.3d 316, 319 (5th Cir. 2005), to ensure "the requirements of Rule 23 are met." See Anderson v. City of Albuquerque, 690 F.2d 796, 799 (10th Cir. 1982). For it is the district court's superior ability to deal with the intensely practical considerations informing class certification decisions, which justifies vesting it with substantial discretion to make these determinations in the first instance. See Trevizo, 455 F.3d at 1163. As such, we emphasize that the district courts must decide each case "on its own facts," taking into account whatever practical and "prudential considerations" apply to the matter at hand. Id. Only if the district court is convinced that the requirements of the federal rules are satisfied may it certify a class. See Fed. R. Civ. P. 23 2003 Amendment advisory committee note ("A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met.").

We also caution the district court against giving undue weight to Respondents' claims that they will be unable to obtain judicial review of Petitioners' jail practices absent certification of their requested class. See Class Certification Order at 23 ("The danger of mootness . . . cuts in favor of class certification here."). Respondents retain the ability to institute a damages action against Petitioners for the unconstitutional harms they allegedly suffered in their care. See Shook II, 543 F.3d at 610; see also Green, 108 F.3d at 1300. While not affording Respondents the whole-sale injunctive remedy they currently request, an action for damages would

allow a court to review the constitutionality of Petitioners' policies.  See Shook II, 543 F.3d at 610.  Damages actions also provide substantial incentives for public officials to modify their future conduct.  See id.; Dotson v. Chester, 937 F.2d 920, 932 (4th Cir. 1991).  Accordingly, the district court should view Respondents' bald assertions in this regard with some skepticism.

With these observations, we GRANT the petition for review and REMAND for the district court to reconsider its class certification order.

No. 08-502, Lou Vallario et al., v. Clarence Vandehey et al.

**KELLY**, Circuit Judge, concurring in result.

I concur in the result.  I agree with the court that this case requires us to remand for clarification to be sure that the district court had an accurate view of the facts with regard to Respondents' claims of inadequate psychiatric care. However, I write separately to indicate my understanding of how district courts should negotiate the complex analysis required under Rule 23 for class certification while avoiding a consideration of the merits under the PLRA.

In Shook v. El Paso County, we reversed a district court's denial of class certification in a similar case because the court "prematurely focused on whether the court could ultimately fashion a remedy that satisfied the strictures of [the PLRA]," rather than engaging in an analysis that specifically addressed the factors required under Rule 23.  386 F.3d 963, 972 (10th Cir. 2004) (Shook I).  In a second iteration of Shook v. El Paso County, which affirmed a district court's denial of class certification in an opinion issued after the district court's opinion in this case, we further elaborated on the analysis required.  543 F.3d 597 (10th Cir. 2008) (Shook II).  Specifically, we stated that, "Rule 23(b)(2) authorizes an inquiry into the relationship between the class framed in the complaint and injunctive relief requested."  Id. at 614.  Essentially, a district court is "required to consider whether the remedies the class sought applied equally to all cases pending within the class."  Shook I, 386 F.3d at 971 (citation and alterations omitted).

This analysis necessarily requires district courts to walk a fine line between permissibly assessing whether the relief requested could alleviate the complaints of the class as a whole and impermissibly assessing the merits of the case under the PLRA.  "In other words, while a district court may not evaluate the <u>strength</u> of a cause of action at the class certification stage, it must consider, without passing judgment on whether plaintiffs will prevail on the merits, whether remedying the harm alleged can be done on a class-wide basis in conformity with Rule 23(b)(2)."  <u>Shook II</u>, 543 F.3d at 612; <u>see also</u> Maj. Op. at 16.  The court now warns against an "end-run" around Rule 65(d), and explains that "[i]njunctions simply requiring a defendant to obey the law are generally too vague to satisfy Rule 65(d)."  Maj. Op. at 18 (internal quotation marks and citation omitted).  While this is no doubt correct, I am concerned by this court's suggestion, as well as the dicta in <u>Shook II</u>, 543 F.3d at 605, that apparently seeks to impose significantly more than is called for under Rule 23(b)(2) upon those seeking class certification.  The rule merely requires pleading facts that would reflect "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  It is up to the district court to construct an appropriate order after hearing the evidence and neither Rule 23(b)(2) or Rule 65(d) impose any "specificity requirement" on the moving party other than as above noted.

In any event, as discussed, <u>Shook II</u>, which clarified the extent to which a district court must inquire into whether the relief requested is appropriate, was decided after the district court opinion in this case.  Because the trial judge did not have the benefit of <u>Shook II</u>, it appears that he felt unnecessarily constrained from making <u>any</u> inquiry into the mechanics of the injunction requested, and because the Respondents did not provide such information, I concur in the result that this case be remanded for clarification as to whether the injunctive relief requested would alleviate the various complaints alleged.